**Ranjit SINGH, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

Nos. 05–76785, 06–73155

United States Court of Appeals, Ninth Circuit.

Submitted June 18, 2008.*

Filed June 30, 2008.

TSZ–Hai Huang Fax, Zeena Batliwalla, Rai & Associates, P.C., San Francisco, CA, for Petitioner.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Chief Counsel Office of the District Counsel Department of Homeland Security, San Francisco, CA, Genevieve Holm, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, HAWKINS, and W. FLETCHER, Circuit Judges.

### MEMORANDUM **

Ranjit Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), and of the BIA's order denying his motion to reopen proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of asylum, withholding, and CAT for substantial evidence, *see Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004). We review the denial of a motion to reopen for abuse of discretion. *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003). We review due process claims de novo. *Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001). We deny the petition for review in 05–76785 and dismiss No. 06–73155.

Substantial evidence supports the IJ's finding that Singh failed to meet his burden of proof with respect to asylum and withholding of removal. The IJ specifically and cogently referred to the non-credible aspects of Singh's demeanor, *see Singh–Kaur v. INS.,* 183 F.3d 1147, 1151 (9th Cir.1999), and we give special deference to a credibility finding that is based on demeanor, *see Li,* 378 F.3d at 964. Substantial evidence also supports the IJ's finding that Singh's testimony lacked detail. *See Singh–Kaur,* 183 F.3d at 1153.

Singh necessarily failed to meet the more stringent standard for withholding of removal because he failed to establish eligibility for asylum. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–1157 (9th Cir.2003).

Because Singh's CAT claim is based on the same statements the IJ found not credible, and he does not point to any other evidence in the record that would compel a finding that it would be more likely than not that he would be tortured if returned to India, substantial evidence supports the IJ's denial of CAT. *See id.*

We do not reach Singh's contentions regarding the BIA's decision to deny his motion to reopen because an intervening decision by the Department of Homeland Security to deny his Refugee/Asylee Relative Petition renders that issue moot. *See* 8 U.S.C. § 1255(a).

**PETITIONS FOR REVIEW No. 05–76785 DENIED; No. 06–73155 DISMISSED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.